MORRIS ROSENBERG, Appellant, v. LORRAINE MANOR, INC., et al., Respondents.— In a negligence action to recover damages for personal injury, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered May 29, 1961 after trial, upon a jury's verdict in favor of the defendants. Judgment affirmed, with costs. By stipulation of the parties set forth in the record, the appeal has been limited to the question of whether it was reversible error for the trial court to refuse to grant two requests to charge with respect to the violation of rule 2.16.13 of the Rules of the Board of Standards and Appeals of the City of New York. Neither rule 2.16.13 nor any other specific rule of the said board was asserted in plaintiff's complaint or in his bill of particulars; nor was any such rule invoked at any time during the trial until the requests to charge were made. Nor was any specific provision of statute asserted until, on the argument of a motion to dismiss, reliance was placed on section 200 of the Labor Law. The record discloses that reference to said section was included in the charge to the jury, with appropriate explanation. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

JOSEPH ROSENFELD, an Infant by His Guardian ad Litem SZLAMA ROSENFELD, et al., Appellants, v. PARK PLASTICS Co. et al., Respondents. JULIUS DICKMAN, Doing Business as GILBERT PHARMACY, Third-Party Plaintiff, v. TOYMAN'S CORP., Third-Party Defendant.— In an action by the infant plaintiff to recover damages for personal injury and by his father to recover damages for loss of services and for medical expenses, the plaintiffs appeal from an order of the Supreme Court, Kings County, dated September 10, 1962, which denied their motion to amend their complaint and bill of particulars so as to allege, *inter alia*, an additional cause of action on behalf of the infant plaintiff based on breach of warranty. Order reversed, with $10 costs and disbursements, and motion granted. The amended complaint and amended bill of particulars shall be served within 20 days after entry of the order hereon. In our opinion it was an improvident exercise of discretion to deny the motion. We pass on no question other than the one relating to the proper exercise of discretion. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.